IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| DEBORAH JOYCE GOODWIN<br><br>Plaintiff, | ) | |
| v. | ) | No. 5:18-CV-05226-PKH |
| UNITED STATES SENATOR<br>TOM COTTON<br><br>Defendant. | ) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

Come now United States Senator Tom Cotton ("**Senator Cotton**"), by and through the United States Attorney for the Western District of Arkansas, and the undersigned Assistant United States Attorney, and for his Brief in Support of Motion to Dismiss, states:

**INTRODUCTION**

This is a *pro se* action, originally brought in small claims court, by Deborah Joyce Goodwin ("**Plaintiff**") which appears to allege displeasure in Senator Cotton's consideration and approval of Supreme Court nominations (the "**Complaint**"). Specifically, Plaintiff alleges Senator Cotton "muted [her] voice" and "devalued [her] vote" through "omissions by truth and lying by commissions," contrary to Senator Cotton's "civic office duty" and his oath of office, as they relate to the consideration and approval of Supreme Court nominations. The Complaint is frivolous and should be dismissed on several grounds. First, the allegations regard Senator Cotton's legislative duties as a Senator and are barred by the Speech and Debate Clause, which affords Members of Congress an absolute immunity from all suits for damages, injunctions, or declaratory judgments. Second, the Complaint is barred by sovereign immunity as Members of Congress are protected

from suit. Third, Plaintiff lacks Article III standing to sue Senator Cotton, as the Complaint completely fails to identify any injury-in-fact to a legally protected interest that was caused by Senator Cotton and that could be redressed by a favorable decision in this case. Fourth, the Complaint fails to state a claim as a matter of law, as there is no legal precedent that recognizes the existence of a cause of action against Senator Cotton for dissatisfaction with the performance of his Senate legislative activities. Lastly, the Complaint should be dismissed as it is frivolous, and Plaintiff should not be given leave to amend.

Accordingly, this court lacks subject matter jurisdiction and the Complaint fails to state a claim, and therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).

## ARGUMENT

### A. THE COMPLAINT IS BARRED BY THE SPEECH AND DEBATE CLAUSE

The Plaintiff's claim against Senator Cotton, which regards his legislative duties as a Senator, is barred by the Speech and Debate Clause, art. 1, § 6, cl. 1, of the Constitution. The Clause affords Members of Congress an absolute immunity from all suits for damages, injunctions, or declaratory judgments arising out of the Member's actions regarding all "matters which the Constitution places within the jurisdiction of either House." *Gravel v. United States,* 408 U.S. 606, 625 (1972); *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 501 (1975) (Speech and Debate Clause immunity protects from suit all matters that "fall within the 'sphere of legitimate legislative activity'"). Senator Cotton's actions regarding consideration of and voting on judicial nominations before the Senate fall squarely within the protections of the Clause. *See Doe v. McMillan*, 412 U.S. 306, 311 (1973) (Clause protects "anything generally done in a session of the House by one of its members in relation to the business before it"); *Schultz v. Sundberg*, 759 F.2d

714, 717 (9th Cir. 1985) (per curiam) (stating that, in applying legislative immunity clause in state consitition – which provided identical protection as U.S. Constitution's Speech or Debate Clause – '"a confirmation vote on the [executive's] proposed appointees [is] clearly legislative in nature'").

In *Rockefeller v. Bingaman*, 234 F. App'x 852, 855 (10th Cir. 2007), Rockefeller was a scientist with the United States Department of Energy and was terminated. Following his termination, Rockefeller filed several unsuccessful suits against various federal defendants. *Id*. at 854. Rockefeller then brought suit against two members of the United States Congress, the United States House of Representatives, and the United States Senate, alleging that he suffered injury due to the defendants' enactment of laws which deprived him of his civil and constitutional rights. *Id*. at 853-854. Specifically, he alleged that 28 U.S.C. § 1254, which eliminated direct appeal to the Supreme Court, and 28 U.S.C. § 2284, which limited grounds for convening a three-judge district court panel, were unconstitutional. *Id*. at 854. Rockefeller alleged that he notified the defendants of the unconstitutionality of the statutes and that they did not take any action, and therefore, he suffered injury. *Id*.

Rockefeller's suit was dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) as, among other legal basis discussed below, the claims were barred by the Speech or Debate Clause. *Id*. The Tenth Circuit affirmed the district court's ruling that the Speech or Debate Clause protected the acts that Rockefeller took issue with—Congress' enactment of certain legislation and the decision of individual Congressmen not to take legislative action in response to Rockefeller's prompts. *Id*. at 855. (citing *Doe v. McMillan*, 412 U.S. 306, 311, 312–13, 93 S.Ct. 2018, 36 L.Ed.2d 912 (1973) (stating that Speech or Debate Clause "protects Members [of Congress] against prosecutions that directly impinge upon or threaten the legislative process," and

that "Congressmen and their aides are immune from liability for their actions within the legislative sphere, even though their conduct, if performed in other than legislative contexts, would in itself be unconstitutional"). As a result, the Tenth Circuit held that the district court correctly determined that it did not have subject matter jurisdiction over the claims asserted against the two members of the United States Congress. *Id*. (citing *Fields v. Office of Eddie Bernice Johnson, Employing Office, U.S. Cong.*, 459 F.3d 1, 13 (D.C.Cir.2006) ( "The Speech or Debate Clause operates as a jurisdictional bar when the actions upon which a plaintiff sought to predicate liability were legislative acts.").

The Complaint appears to allege that Senator Cotton "muted" the Plaintiff's "voice vote" regarding the Supreme Court nomination of, presumably, Judge Brett Kavanaugh. Similar to *Rockefeller*, Senator Cotton is entitled to absolute immunity from the Complaint, as Senator Cotton's consideration and approval of Supreme Court nominations is clearly a legislative duty. Accordingly, the Complaint is barred by the Speech and Debate Clause as there is no allegation that Senator Cotton acted outside of the sphere of legitimate legislative activity.

### B. THE COMPLAINT IS BARRED BY SOVEREIGN IMMUNITY

The Complaint is barred by sovereign immunity as Senator Cotton was acting within his official capacity with regard to Supreme Court nominations, and therefore, is immune from suit as a Member of Congress. "In general, federal agencies and officers acting in their official capacities are also shielded by sovereign immunity." *Rockefeller*, 234 F. App'x at 855; *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). "Federal courts generally deem a suit for specific relief, e.g., injunctive or declaratory relief, against a named officer of the United States to be a suit against the sovereign." *Rockefeller*, 234 F. App'x at 855. "Thus, it is well established that," in addition to

foreclosing suits against the government for damages, "the United States' sovereign immunity "'extends to [claims for] injunctive relief.'" *Id*. (quoting *United States v. Murdock Mach. and Eng'g Co. of Utah*, 81 F.3d 922, 929 (10th Cir.1996)). The Supreme Court has recognized, however, that "[t]wo narrow exceptions to the general bar against suits seeking specific relief from the United States exist." *Rockefeller*, 234 F. App'x at 855. As the Tenth Circuit has explained:

> A court may regard a government officer's conduct as so "illegal" as to permit a suit for specific relief against the officer as an individual if (1) the conduct is not within the officer's statutory powers or, (2) those powers, or their exercise in the particular case, are unconstitutional.

*Rockefeller*, 234 F. App'x at 855. (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 702 (1949)).

In *Rockefeller*, discussed above, Rockefeller's suit was also dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), as the defendants were protected by sovereign immunity. 234 F. App'x at 854. The Tenth Circuit affirmed the district court's ruling that sovereign immunity foreclosed Rockefeller's claims against the two members of the United States Congress, a United States Senator, and a Member of United States House of Representatives. *Id*. at 855 (citing *Keener v. Cong. of the U.S.*, 467 F.2d 952, 953 (5th Cir.1972)). The Tenth Circuit stated that, "[b]ecause an 'official capacity' suit is treated as a suit against a government entity, *see Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), Representative Pearce and Senator Bingaman, acting in their official capacities, enjoy the envelope of the Congress' sovereign immunity, *see Travelers Ins. Co. v. SCM Corp*., 600 F.Supp. 493, 497 (D.D.C.1984)."

Within the four corners of the Complaint, although difficult to interpret, there are no allegations that Senator Cotton acted outside of his legislative duties. The Plaintiff does not alleging that Senator Cotton, in his individual capacity, committed wrongdoing against the Plaintiff personally. Further, as evidenced by the Plaintiff's small claims complaint, where Senator

Cotton was named as "AR US Senator Tom Cotton," it is clear that Senator Cotton was sued in his official capacity as a United States Senator and the allegations relate to his legislative duties. Accordingly, Senator Cotton, as a Member of the United States Congress, is entitled to absolute immunity from suit.

## C. <u>THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF STANDING</u>

The Complaint should be dismissed as the Plaintiff lacks Article III standing. To demonstrate Article III standing, a plaintiff must prove (1) "injury in fact," (2) a "causal connection between the injury and the conduct complained of," and (3) that the injury will be "redressed by a favorable decision." *Disability Support All. v. Heartwood Enterprises, LLC*, 885 F.3d 543, 545 (8th Cir. 2018) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). An injury in fact is the "invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan* at 560 (quotations omitted). Standing is determined as of the commencement of the lawsuit. *Park v. Forest Serv. of U.S.*, 205 F.3d 1034, 1038 (8th Cir. 2000).

In *Rockefeller*, discussed above, the district court dismissed the case on an alternative jurisdictional basis that Rockefeller had no standing. *Rockefeller*, 234 F. App'x at 854; *see also Rockefeller v. Bingaman*, 2006 WL 4061183, at *3 (D.N.M. 2006). The *Rockefeller* district court made the following ruling:

> Rockefeller fails to allege concrete and particularized harm to a legally protected interest that flows from his lack of ability to appeal directly to the Supreme Court or establish a three-judge panel to adjudge his claims. Rather, Rockefeller maintains, only in a general sense, that he has suffered injury from §§ 1254 and 2284. [] Moreover, the concrete and particularized harms that Rockefeller articulates relate to the termination of his employment and not to the operation of the two statutes with which he takes issue. [] Rockefeller also fails to demonstrate a likelihood that the relief he seeks will redress the harms he identifies. Even if this Court grants the injunction that Rockefeller requests, that outcome would not remedy Rockefeller's dismissal from employment nor permit him to reopen his

> prior cases to seek further Supreme Court review. Rockefeller does not have standing to pursue this action because he has not alleged a concrete and particularized harm and has not shown that redress is likely given a determination in his favor; therefore, the Court does not have the requisite subject-matter jurisdiction to hear this case.

*Rockefeller*, 2006 WL 4061183, at *4.

On appeal, the Tenth Circuit affirmed the district court's decision but did not address the alternative jurisdictional ruling that Rockefeller lacked standing to bring his claims. *Id*. (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) ("While [*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ] reasoned that subject-matter jurisdiction necessarily precedes a ruling on the merits, the same principle does not dictate a sequencing of jurisdictional issues.").

The Plaintiff fails to state an injury to a legally protected interest sufficient for standing under Article III. Further, there can be no causal connection between a United States Senator's action regarding Supreme Court nominations and any alleged injury of a disgruntled citizen. Lastly, *assuming arguendo*, that there was an injury in fact that was causally connected to Senator Cotton's official actions, there is no redressability that this court can provide the Plaintiff. Clearly, this Court has no jurisdiction or power to withdraw the nomination of a Supreme Court Justice. Nor does this Court have any jurisdiction or power to limit the official duties of a United States Senator, or provide any sort of consequence to a United States Senator for his or her vote for a Supreme Court Justice. Lastly, there is no factual or legal basis to award monetary damages to the Plaintiff.

## D. THE COMPLAINT FAILS TO STATE A CLAIM

The Complaint is void of any facts that would entitle the Plaintiff to survive a motion to dismiss. Pursuant to Fed. R. Civ. P. 12(b)(6), a motion to dismiss for failure to state a claim should

be granted where the complaint does not allege "enough facts to state a claim to relief that is plausible on its face" rather than merely "conceivable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *see also Jenkins v. County of Hennepin,* No. 06-3625, 2007 WL 1965552, at *1 (D. Minn. July 3, 2007) (recognizing that *Twombly* abrogated prior rule that motion to dismiss may be granted only if the plaintiff can prove no set of facts which would entitle him to relief). In addition, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S. Ct 1827, 1832 (1989). Whether a complaint states a good cause of action is a question of law. *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir. 1986). Mere conclusory allegations or inferences unsupported by facts, will not defeat a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The tenet that a court must accept as true all allegations in a complaint is not applicable to legal conclusions. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, does not suffice. *Id*. Only a claim that states a plausible claim for relief survives a motion to dismiss. *Id*. Where the facts do not permit the court to infer more than the possibility of misconduct, the complaint has failed to show that the pleader is entitled to relief. *Id*. at 679.

The Complaint fails to state a claim as there is no legal precedent that recognizes the existence of a cause of action against Senator Cotton for dissatisfaction with the performance of his Senate Legislative activities with regard to judicial nominations. *See Cf. Newell v. Brown,* 981 F.2d 880, 887 (6th Cir. 1992) (upholding dismissal of claim against Congressman arising out of service to a constituent, stating that "[f]or the federal judiciary to subject members of Congress to liability for simply doing their jobs would be unthinkable").

As such, the Plaintiff has not plead any cause of action that this Court can provide relief. Accordingly, the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### E. <u>THE COMPLAINT IS FRIVOLOUS</u>

The Complaint is clearly frivolous and brought by a disgruntled litigant. A claim is frivolous if "it lacks an arguable basis either in law or fact." *Ausler*, 2017 WL 2645522, at *2 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Further, the Plaintiff should not be given leave to amend as any attempt would be futile. Rule 15(a) states that "leave [to amend] shall be freely given when justice so requires." However, leave need not be granted where amendment would be futile. *See In re Cerner Corp. Sec. Litig.*, 425 F.3d 1079, 1086 (8th Cir. 2005). Accordingly, the Complaint should be dismissed with prejudice as it is frivolous and any attempt to amend would be futile.

## CONCLUSION

The Plaintiff's Complaint should be dismissed as it is barred by the Speech and Debate Clause, Sovereign Immunity, and the Plaintiff has no standing. This Court should also dismiss the Complaint for the following additional reasons: the Complaint fails to state a claim for which relief can be granted; and the Complaint is frivolous, and the Plaintiff should not be given leave to amend. Accordingly, this Court should grant Senator Cotton's Motion to Dismiss.

Respectfully submitted,

DUANE (DAK) KEES
UNITED STATES ATTORNEY

By: */s/ Seth T. Creed*
Seth T. Creed
Assistant U.S. Attorney
Bar No. 2010176
414 Parker Avenue
Fort Smith, Arkansas 72901
Telephone: (479) 494-4080
Fax: (479) 441-0569
Email: seth.creed@usdoj.gov

## CERTIFICATE OF SERVICE

I, Seth T. Creed, Assistant U.S. Attorney for the Western District of Arkansas, hereby certify that on the 14th day of December, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to CM/ECF participants, and I hereby certify that I have mailed the document by the United States Postal Service to the following non-CM/ECF participant:

Deborah Joyce Goodwin
342 Strawberry Meadows Place, Apt 205
Springdale, AR 72764

*/s/ Seth T. Creed*
Seth T. Creed
Assistant United States Attorney