UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DEBORAH JOYCE GOODWIN PLAINTIFF

v. Case No. 5:18-CV-05226

UNITED STATES SENATOR TOM COTTON DEFENDANT

**ORDER**

Before the Court is Defendant United States Senator Tom Cotton's motion (Doc. 7) to dismiss and brief (Doc. 8) in support. Plaintiff has not filed a response. Ms. Goodwin alleges in her complaint that Senator Cotton has engaged in "omissions by truth while lying by commissions." (Doc. 3, p. 1). Although it is difficult to discern the precise claims Ms. Goodwin asserts from her pro se complaint, she alleges that Senator Cotton's actions and words at his February 2017 town hall meeting in Springdale, Arkansas, media appearances, and the recent Supreme Court nomination hearings have suppressed her Arkansas "vote voice." For the following reasons, Senator Cotton's motion will be GRANTED.

To the extent that Ms. Goodwin's complaint is based on actions Senator Cotton took during the session of the Senate such as participating in the Supreme Court nomination hearings and voting on Senate bills and resolutions, Senator Cotton has absolute immunity from suit. U.S. Const. art. I, § 6, cl. 1; *Gravel v. United States*, 408 U.S. 606, 624 (1972).

To the extent that Ms. Goodwin's complaint is based on her general grievances with functions of the federal government, Ms. Goodwin fails to establish Article III standing. Article III standing requires the plaintiff to demonstrate that she has suffered injury-in-fact in a concrete and particularized way rather than to hold a generalized grievance she shares in "substantially equal measure" with all Arkansas citizens. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Ms.

Goodwin has failed to demonstrate how her injury resulting from Mr. Cotton's actions and words in the Senate, at his town hall meeting, and on media platforms affect her differently than all other Arkansans represented by Mr. Cotton. Accordingly, Ms. Goodwin has not satisfied the requirements of Art. III standing and her claim is nonjusticiable.

Finally, even if the Court were to reach the merits of Ms. Goodwin's claim, she has not alleged a cognizable claim under Federal Rule of Civil Procedure 12(b)(6). Ms. Goodwin alleges that Mr. Cotton's actions, contrary to her personal political positions, have suppressed her "voice vote." Although Ms. Goodwin may be displeased with Mr. Cotton and his representation of her interests, no Court has recognized a claim for relief based solely on a plaintiff's policy disagreements with their legislative representatives. Ms. Goodwin's complaint fails to state a claim for which relief can be granted.

IT IS THEREFORE ORDERED that Defendant United States Senator Cotton's motion to dismiss (Doc. 7) is GRANTED.

IT IS SO ORDERED this 11th day of January, 2019.

/s/ P. K. Holmes, III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE